ECCLES, Respondent, vs. FREE HIGH SCHOOL DISTRICT OF THE CITY OF KAUKAUNA, imp., Appellant.

*December 10, 1915—January 11, 1916.*

*Judges: "Disability:" Disqualification by prejudice: Statute construed.*

The word "disability," as used in sec. 9, ch. 23, Laws 1907, as amended by sec. 1, ch. 54, Laws 1913,—providing in substance that "in case of sickness, temporary absence or disability" of the municipal judge of Outagamie county he may appoint the county judge to discharge his duties,—includes a disqualification of the municipal judge by reason of prejudice. The maxim *noscitur a sociis* does not apply.

APPEAL from a judgment of the municipal court of Outagamie county: HENRY KREISS, Acting Municipal Judge. *Affirmed.*

The plaintiff brought this action to recover wages alleged to be due her on a written contract with the board of education of the city of Kaukauna, Wisconsin.

The action was commenced by the service of a circuit court summons and was brought to trial on the 21st day of January, 1915, before Judge THOMAS H. RYAN of the municipal court of Outagamie county. When the case was called for trial the defendant filed an affidavit of prejudice

against Judge THOMAS H. RYAN.    Judge RYAN then made a written order requesting Judge KREISS of the Outagamie county court to try the case.    Defendant took no further part in the trial, and upon the evidence adduced by the plaintiff in support of her complaint the court, presided over by the county judge, made its findings of fact and conclusions of law and entered judgment that the plaintiff recover from the defendant $332.50 damages and $59 interest, together with the costs and disbursements of the action.    The judgment was signed HENRY KREISS, County Judge, Acting Municipal Judge.    From such judgment this appeal is taken.

*George H. Kelly,* for the appellant, cited, among other cases, *Western D. & I. Co. v. Heldmaier,* 111 Fed. 123; *Turnipseed v. Hudson,* 50 Miss. 429, 19 Am. Rep. 15.

For the respondent the cause was submitted on the brief of *Mark Catlin.*

SIEBECKER, J.    The record shows that the judge of the county court, pursuant to a written order of the municipal judge, acted as judge of the municipal court, tried and determined the issues between the parties, and rendered judgment in plaintiff's favor.    This judgment is assailed on appeal as void upon the ground that the municipal judge, under the facts of the case, had no power to appoint the county judge to discharge the duties of the municipal judge, and hence the county judge acted without jurisdiction in rendering the judgment appealed from.    The statute conferring power on the municipal judge to appoint the county judge to discharge his duties is sec. 9, ch. 23, Laws 1907, as amended by sec. 1, ch. 54, Laws 1913.    It provides:

" . . . In case of sickness, temporary absence or disability of said judge he may, by order in writing filed and recorded in said court, appoint the county judge of said county to discharge the duties of such judge during such sickness, temporary absence or disability, who shall have all the powers of such judge while administering such office.    In all

cases any circuit judge may hold court as the judge of the municipal court in the event of the absence, sickness or other disability of the municipal judge or upon his special request. . . ."

It is contended by the appellant that the phrase "In case of sickness, temporary absence or disability of said judge," when considered in connection with the other parts of the statute, does not include the disqualification of the municipal judge on account of his prejudice in the case. The argument is that the "disability" contemplated by this statute is one like the sickness or absence of the judge and that it does not include a disability arising from prejudice of the judge. The legislature evidently intended to make provision for the discharge of the municipal judge's duties when he was unable to discharge his judicial duties, and when so interpreted and applied to the subject matter of the statute the language employed includes in its general meaning all disqualifications of the municipal judge, and the word "disability" aptly expresses such intent as inclusive of all disqualifications in addition to sickness and absence. In ordinary language the condition of a judge who cannot act because he is not indifferent in the case is spoken of as a disqualification which legally disables him to perform the judicial function. Bias or prejudice of a judge as to the parties constitutes in the law a disability of such judge for the discharge of his duties. This interpretation is corroborated by the provision of sec. 35, ch. 23, Laws 1907, as amended by sec. 1, ch. 54, Laws 1913, which provides that in case the municipal judge is disqualified to act in the instances there enumerated, including the one of his prejudice in the cause, he is authorized to "call in the circuit judge or county judge" to perform his duties, and under such conditions "the provisions of said section 9 of this act shall apply in all their force and effect." This indicates that the legislature understood that a disqualification from prejudice was included in sec. 9, and is necessarily ref-

erable to the word "disability" as the only term thereof which comprehends this idea. The terms of the statute indicate that it was intended by the legislature that the word "disability" as used here was not to be restricted in meaning by the words preceding it. We are of the opinion that the municipal judge gave a correct interpretation to the act and that the county judge had jurisdiction to try and determine the issue in the case.

*By the Court.*—The judgment appealed from is affirmed.